IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| COREY SMITH, | * | |
| Plaintiff, | * | |
| v. | * | |
| TOUCHING ANGELS HEALTHCARE, INC., | * | Civil Action No.:<br>1:17-cv-00673-RDB |
| | * | |
| -and- | * | |
| JOSEPHINE WAMWEA, | * | |
| Defendants. | * | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Defendants, Touching Angels Healthcare, Inc. and Josephine Wamwea (collectively "Defendants"), hereby submit their Opposition to Plaintiff's Motion for Attorneys' Fees and Costs.

### LEGAL STANDARD

Prevailing parties in an FLSA action are "entitled to an award of attorney's fees and costs that they establish as reasonable." *Jackson v. Estelle's Place, LLC*, 391 Fed.App.'s 239, 242 (4th Cir. 2010) "[A] reasonable fee would be calculated by determining a load star fee, followed by any appropriate reductions." Id. at 241. The amount of the fee award is subject to the sound discretion of the District Court. See, e.g. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

A fee award, however, "is not designed to provide Plaintiff's attorneys with a windfall." Almendarez v. J.T.T. Enters. Corp., 2010 U.S. Dist. LEXIS 88043 at *10 (D. Md. Aug. 25, 2010). The Supreme Court has stated that ("[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In the instant case, each of these components warrants a downward adjustment in the fee sought by Plaintiff's counsel.

## ARGUMENT

### The Fee Sought Pursuant to Plaintiffs' Motion Must Be Reduced to Account for the Excessive Number of Hours Claimed

**A.   Plaintiff's "collaborative" approach to litigating this case generated excessive and unnecessary fees, in a relatively simple case.**

As the Court is aware, this case involved a single plaintiff who settled for $2,000 in back pay and an additional $2,000 in liquidated damages. Plaintiff's initial attempt to pursue a "collective action" under the FLSA, to include numerous other similarly situated individuals who were allegedly due additional compensation, collapsed very early in the litigation. What was left was a simple "garden variety" single plaintiff FLSA claim that did not require any particular expertise to handle.

Yet despite that fact, Plaintiff staffed the case with four experienced attorneys to prosecute her claim. As a result of this collaborative approach to litigation, those four experienced attorneys spent an excessive amount of time conferring with each other over even the most basic tasks. A quick review of the schedule prepared by Plaintiff's counsel, Exhibit M to her Motion, reveals no fewer than 36 entries where two or more

counsel conferred, reviewed, revised or discussed the simple task performed. All tolled, those entries added approximately 15.8 hours, or $5,137.00 to Plaintiff's demand for attorneys' fees.

While Plaintiff's counsel claims that they exercised significant billing judgment by removing entries for duplicative work, the 36 entries referenced above *were included* in their fee request. Considering the simple nature of this case, there was no need for four experienced attorneys to devote so much time to even the most rudimentary issues. The fact that the case settled so early in the litigation, with minor issues, only underscores the over-litigation in this case.

This Court has recognized the need to account for the tendency toward duplication of effort where multiple attorneys are involved in a single action. *See Obifuele v. 1300, LLC*, 2006 U.S. Dist. LEXIS 60043 at *41 (D. Md. Aug. 23, 2006) ("In addition to examining the number of hours spent on a matter, another consideration is the manner in which the case was staffed. An award of attorneys' fees may be reduced if an unnecessarily large number of attorneys work on the matter, because their involvement tends to generate a degree of overlap or duplication of work."). The Declarations submitted by Plaintiff's attorneys confirm that each of these four practitioners possessed sufficient skill and experience to capably handle the representation of Plaintiff without the need for such an overlap in litigation responsibilities. Defendants therefore request that the Court make an appropriate adjustment to the fee award sought to account for such duplication of effort.

### B. Plaintiff Has Submitted No Evidence in Support of Her Counsel's Claimed Hourly Rates

A party seeking an award of fees "'must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.' Affidavits from *other* local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community' are the usual form of such evidence." *Prestige Capital Corp. v. Target Masonry & Flooring, Inc.*, 2012 U.S. Dist. LEXIS 1351 at *5 (D. Md. Jan. 5, 2012) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009)); *see also Beyond Sys., Inc. v. World Ave. USA, LLC*, 2011 U.S. Dist. LEXIS 84930 at *9 (D. Md. Aug. 1, 2011) ("When submitting a fee petition, a party should submit affidavits from other attorneys attesting to the reasonableness of the hourly rates.").

Plaintiff has not submitted *any* affidavits from attorneys apart from her own counsel in support of the hourly rates claimed on behalf of his attorneys. More significantly, while the Declaration from one of Plaintiff's four counsel (Heather Heilman) indicates that she has received statutory fee awards in the past, none of the attorneys state in their Declarations whether they have ever been compensated at the rates they seek in this litigation.

Given the absence of any such evidence, the only available guidance comes from Appendix B to the Court's Local Rules. Plaintiff's four attorneys uniformly seek compensation at the higher and/or maximum rate applicable to a practitioner with their respective years of experience. (DR $210.00 per hour, SDF $395.00 per hour, HH

$300.00 per hour (highest) and CRR $350.00 per hour (highest). Plaintiff has submitted no evidence whatsoever to support her position that a high and/or maximum rate is appropriate across the board. Defendants therefore request that the Court calculate the fee award utilizing an hourly rate that is most appropriate considering the relatively simple nature of this case for each practitioner on whose behalf an award is sought.

Defendants also object to the amount of time that Plaintiff spent drafting this Complaint. As she indicates in her Motion, although her four attorneys have considerable experience prosecuting FLSA claims it should not have taken a total of 17.4 hours to draft the Complaint, at a cost of $4893.50. As noted above, there was nothing unusual or novel about the claims raised by Plaintiff in this case and a significant downward adjustment in the requested attorneys' fees would be appropriate.

Finally, Defendants object to the total time Plaintiff's counsel expended preparing the Fee Petition in this case. All told, Plaintiff's counsel spent 7.7 hours at a total cost of $2,062.50 preparing this Fee Petition. That amount of time appears to be excessive and should be reduced significantly.

## CONCLUSION.

In light of the foregoing, Defendants respectfully request that the Court deny Plaintiff the fee amount set forth in her Motion and instead enter an award of fees which in a reduced amount reflecting the necessary adjustments discussed above.

Respectfully submitted,

/s/ Kevin C. McCormick

Kevin C. McCormick
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8779 Office
(410) 223-4379 Fax
kmccormick@wtplaw.com

*Counsel for Defendants Touching Angels Healthcare, Inc and Josephine Wamwea*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2017, a copy of the foregoing *Defendants' Opposition to Plaintiff's Motion for Attorneys' Fees and Costs* was served via electronic filing to:

>Christopher R. Ryon
>Heather Heilman
>Kahn, Smith & Collins, P.A.
>201 N. Charles Street, 10th Floor
>Baltimore, MD 21201-4102
>ryon@kahnsmith.com
>heilman@kahnsmith.com

David Rodwin
Sally Dworak-Fisher
The Public Justice center
One North Charles Street, Suite 200
Baltimore, MD  21201
rodwin@publicjustice.org
dworak-fishers@publicjustice.org

_____
Kevin C. McCormick