IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY SMITH, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-17-0673 |
| TOUCHING ANGELS HEALTHCARE, INC., et al., | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 6, 2017, this Court granted the parties' Joint Motion for Approval of Settlement and entered the proposed Consent Decree. (ECF No. 14.)[1] The Consent Decree calls for Plaintiff Corey Smith ("Ms. Smith" or "Plaintiff") to petition this Court for attorneys' fees and costs. (*Id.* ¶ 12.) Currently pending are Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 15), in which Plaintiff seeks reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-507.2, and Plaintiff's Motion to Enforce Consent Decree and for Entry of Consent Judgment (ECF No. 18). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016).

---

[1] The parties erroneously titled ECF No. 13-2 "Joint Motion for Approval of Settlement," but that filing—which the Court signed and entered as ECF No. 14—is the Consent Decree.

For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 15) is GRANTED IN PART. Specifically, the award for attorneys' fees is reduced to the amount of **$12,683.54**. In addition to that amount, this Court approves Plaintiffs' request for $612.64 in costs. Plaintiff's Motion to Enforce Consent Decree and for Entry of Consent Judgment (ECF No. 18) is DENIED AS MOOT.

## BACKGROUND

Ms. Smith worked as a home care aide for the Defendant Touching Angels Healthcare, Inc. ("Touching Angels"), a for-profit home care agency, from December 2014 through May 2016. (Compl. ¶¶ 9, 12, ECF No. 1.) Josephine Wamwea ("Defendant Wamwea"), one of Touching Angels's owners, allegedly hired Ms. Smith, set her pay rate, controlled her schedule, required her to wear scrubs while working, and monitored the hours she worked. (*Id.* ¶ 16.) Defendants allegedly misclassified Ms. Smith as an independent contractor and failed to pay her the requisite overtime rate. (Compl. ¶¶ 18-19.) Defendants also allegedly failed to pay Ms. Smith for travel time between clients' homes. (*Id.* ¶ 21.)

By and through her attorneys, David Rodwin and Sally Dworak-Fisher of the Public Justice Center[2] along with Christopher Ryon and Heather Heilman of the law firm Kahn, Smith & Collins, P.A., Ms. Smith filed this action on March 10, 2017 against Defendants Touching Angels and Josephine Wamwea on behalf of herself and all persons similarly situated. (*See* Compl.) Ms. Smith alleged claims under the FLSA, the MWHL, the MWPCL, and Maryland common law. Defendants filed an answer on April 13, 2017. (ECF No. 8.) The parties proceeded to discovery.

---

[2] Public Justice Center ("PJC") is a small, non-profit law firm.

On April 21, 2017, Plaintiff served a First Request for Production of Documents on both Defendants, a First Set of Interrogatories on Touching Angels, and a First Set of Interrogatories on Defendant Wamwea. On May 25, 2017, Defendants requested an extension of time until June 10, 2017, to respond to Plaintiff's discovery requests. Plaintiff agreed. On June 9, Defendants served Plaintiff's counsel with a Rule 68 Offer of Judgment in the amount of $2,000. (*See* Pl. Ex. D, ECF No. 16-5.) Plaintiff allowed the Offer of Judgment to lapse. (Mem. 3.)

On June 12, 2017, Defendants' counsel sent to Plaintiff's counsel Touching Angels's Answers to Plaintiff's First Set of Interrogatories. On the same date, Defendants' counsel sent to Plaintiff's counsel a three-page "earnings record" of payments Defendants made to Plaintiff, but did not send any other documents deemed responsive by the Plaintiff. Plaintiff sent two letters to Defendants' counsel setting out the deficiencies in Defendants' discovery responses. (*See* Pl.'s Letter to Defs. dated 6/14/17, Pl. Ex. E, ECF No. 16-6; Pl.'s Letter to Defs. dated 6/21/17, Pl. Ex. F, ECF No. 16-7.) In Plaintiff's view, the Defendants' responses constituted a failure to answer or respond under Fed. R. Civ. P. 34(b) and Fed. R. Civ. P. 37(a). (Mem. 3-4.)

On June 27, 2017, Defendants' counsel sent to Plaintiff's counsel documents that Defendants' counsel identified as being referenced in his clients' earlier discovery responses. On June 28, 2017, Plaintiff's counsel sent an email to Defendants' counsel to say that these documents were not a complete response, and asking if Defendants intended to remedy the alleged failure. Defendants' counsel did not respond to the email. (Mem. 4.)

3

On July 11, 2017, Plaintiff served Defendants with a Motion to Compel. (Pl. Ex. G, ECF No. 16-8.) The parties then began to engage in settlement discussions, which culminated in a Consent Decree obligating Defendants to pay Ms. Smith $4,000—the maximum amount available to her under the FLSA and the MWHL. (ECF No. 14.) On September 11, 2017, Plaintiff moved for attorneys' fees and costs. (ECF Nos. 15, 16.)

On September 21, 2017, the Defendants presented Plaintiff with two checks pursuant to the Consent Decree. In the Plaintiff's view, however, the tax withholdings appeared too high. Plaintiff sent numerous emails and letters seeking to remedy the alleged shortcoming. On October 25, 2017, having not received a reply from the Defendants, the Plaintiff filed a Motion to Enforce Consent Decree and for Entry of Consent Judgment. (ECF No. 18.) Defendants filed a Response on November 13, 2017. (ECF No. 21.)

## **DISCUSSION**

Prevailing parties in an FLSA action are "entitled to an award of attorney's fees and costs that they establish as reasonable." *Jackson v. Estelle's Place, LLC,* 391 F. App'x 239, 242 (4th Cir. 2010); *see also* 29 U.S.C. § 216(b) (The Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")

I. **Motion for Attorneys' Fees and Costs**

   **A. Attorneys' Fees**

While the payment of attorney's fees and costs to the plaintiff is mandatory, "[t]he amount of the attorney's fees . . . is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). "The first step in determining the reasonable

attorney's fees is to calculate the lodestar—that is, 'the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 640 (D. Md. 2012) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). In assessing the reasonableness of the requested fee, the court considers the following twelve factors, known as the *Johnson* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)).

The parties do not dispute that the Consent Decree rendered Plaintiff a prevailing party entitled to reasonable attorneys' fees. After waiving certain billing entries and taking a 5% reduction, the Plaintiff initially requested $18,083.73 in attorneys' fees. (Mem. 6, ECF No. 16.) Plaintiff then subtracted another $1,710 in fees attributable to attorney Heather Heilman of Kahn, Smith & Collins, P.A. (Reply 3-4, ECF No. 20.) Plaintiff's final request therefore amounts to $16,373.73. (*Id.*) As discussed *infra*, a weighing of the *Johnson* factors warrants further reductions.

      i. **Time and Labor Expended**

The Plaintiff's breakdown of the time and labor expended shows that Plaintiff's counsel spent a total of 95.4 hours litigating this case. (Pl. Ex. M, ECF No. 16-14.) Counsel

spent those hours working in various areas, including Case Development and Administration, Pleadings, Discovery, Motions Practice, ADR, Fee Petition, and Compliance Monitoring. (*Id.*) The Defendants do not challenge the accuracy of this calculation, but they allege that some of the hours were not reasonably spent working on this matter. This Court will therefore address the merits of certain hours under the other *Johnson* factors.

### ii. Difficulty of Questions and Required Skill

Plaintiff argues that this case raised issues of "moderate difficulty" based upon a recent regulatory change applicable to home care workers and the question of Plaintiff's status as an independent contractor. (Mem. 9; Reply 3.) Furthermore, the Plaintiff's initial attempt to pursue a collective action and the Defendant's recalcitrance during discovery complicated the litigation. The Defendants claim this case merely involved a "garden variety" single plaintiff FLSA claim that did not require four attorneys. (Opp'n 2, ECF No. 19.) Defendants specifically challenge the hours (a) spent on the Complaint, (b) in conferences among co-counsel, and (c) in preparing the briefs in support of the instant fee request.

Regarding the Complaint, this Court is not persuaded that there was "nothing" unusual or novel about Plaintiff's claims. Home care workers' coverage under FLSA has been the subject of numerous amendments, *see generally Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1088 (D.C. Cir. 2015) (summarizing FLSA's legislative history with respect to home care workers and upholding the validity of the new regulations), and an employee's status as an independent contractor requires a rather fact-specific analysis. (*See* Katz Decl. ¶

6

10, Pl. Ex. 1, ECF No. 20-1.) This Court therefore will not reduce the compensable hours devoted to the Complaint based solely upon the nature of Plaintiff's claims.[3]

In terms of Plaintiff's counsel's internal conferences, this Court finds that the staffing of four attorneys generated an unnecessary degree of overlap in litigating the issues - even those of moderate difficulty. *See Obifuele v. 1300, LLC*, 2006 U.S. Dist. LEXIS 60043 at *41 (D. Md. Aug. 23, 2006). While this Court appreciates the Plaintiff's voluntarily waiver of Heather Heilman's hours, other unnecessary entries remain. Specifically, this Court will deduct 6.6 additional hours of conference time from the Plaintiff's requested award. Of those hours, one (1) hour is attributable to David Rodwin, and 5.6 hours are attributable to Christopher Ryon. Incorporating the 5% across-the-board reduction, these hours constitute $2,061.50 of the current $16,373.73 request. The request will therefore be adjusted downward by **$2,061.50**.

Regarding the time spent preparing the instant fee petition, Plaintiff currently seeks $1,959.38 in fees, which incorporates Plaintiff's across-the-board reduction of 5%. Fee petition work primarily requires ministerial computations of time with little legal research or analysis. For two firms experienced in wage-and-hour litigation (*see* Katz Decl., Pl. Ex. 1, ECF No. 20-1; Hanna Decl., Pl. Ex. 2, ECF No. 20-2), the requested compensation is unnecessarily high. This Court will therefore reduce the petition-related fees by half, **$979.69**.

---

[3] This is not to say that some compensable hours related to the Complaint will not be reduced for other reasons. See *infra*.

7

### iii. Opportunity Costs

Turning to the opportunity costs of litigating this case, Plaintiff asserts that Public Justice Center "is a small, non-profit law firm with extremely limited resources, and can take only a small fraction of the many meritorious cases it encounters." (Mem. 10 (citing Rodwin Decl. ¶ 3, Pl. Ex. I).) Furthermore, Kahn, Smith & Collins, P.A., a private law firm, "receives many more requests for representation in meritorious cases than it can undertake to litigate." (*Id.*) The Defendant does not challenge that the litigation of Ms. Smith's case required the PJC to turn away other potential clients. This factor does not warrant a change to the requested award.

### iv. Customary Fee and Experience of Attorneys

The Plaintiff initially points out that the requested rates fall within the Local Rules' Guidelines Regarding Hourly Rates, *see* Local Rules App. B (D. Md. 2016), and supplements the initial request with two affidavits (*see* Katz Decl., Pl. Ex. 1, ECF No. 20-1; Hanna Decl., Pl. Ex. 2, ECF No. 20-2). Defendants argue that Plaintiff's submissions do not support rates at the upper ends of the applicable guidelines ranges.

Plaintiff seeks a rate of $210 for David Rodwin. Mr. Rodwin was admitted to the California Bar in 2012 and to the Maryland Bar in 2014. (Rodwin Decl. ¶ 2, Pl. Ex. I, ECF No. 16-10.) He completed two federal clerkships and has two years' experience litigating wage-and-hour cases. (*Id.*) The affidavit from attorney Daniel Katz indicates that Mr. Katz has worked with David Rodwin in the past and that the PJC's attorneys have excellent reputations. (Katz Decl. ¶5.) Mr. Katz attests that the requested fee is consistent with local market rates. (*Id.* ¶ 8-9.) The Defendant argues that $150 to $225 is the applicable range

under the local guidelines (*See* Resp. 4-5 (citing Local Rules App. B)), which Plaintiff does not contest.

Mr. Rodwin has only been litigating wage-and-hour cases for two years, and Mr. Katz' statements provide little specifics about Mr. Rodwin's experience and ability to justify a rate at the high end of the applicable range. The rate for Mr. Rodwin will therefore be reduced to $200. Multiplied by 31.30 hours, which do not include the hours already waived by Plaintiff or otherwise cut by this Court, the compensable fees for Mr. Rodwin come to $6,260.00. This amount constitutes a reduction of **$313.00** from the overall request.

Plaintiff seeks a rate of $350 for Christopher Ryon. Mr. Ryon was admitted to the Maryland bar in 2003, and he is currently a Principal at Kahn, Smith & Collins P.A. (Ryon Decl. ¶ 2; Pl. Ex. K, ECF No. 16-12.) His practice focuses on labor, employment, and contract litigation matters. (*Id.*) The affidavits attest that the requested fee is consistent with the local market rates. (Katz Decl., Pl. Ex 1; Hanna Decl., Pl. Ex. 2.) The guideline range for lawyers admitted to the bar for nine (9) to fourteen (14) years is $225 to $350. Local Rules App. B.

While Mr. Ryon's 14 years of experience support a rate at the higher end of the applicable guideline range, the affidavits express only passing familiarity with Mr. Ryon's work. Without more specifics, the rate for Mr. Ryon will therefore be reduced to $330. Multiplied by 16.8 hours, which do not include the hours already waived by Plaintiff or otherwise cut by this Court, the compensable fees for Mr. Ryon come to $5544.00. This amount constitutes a further reduction of **$336.00** from the Plaintiff's request.

Plaintiff seeks a rate of $395.00 for Sally Dworak-Fisher. Ms. Dworak-Fisher has been practicing law since 2000 and has 14 years' experience litigating wage-and-hour cases. (Dworak-Fisher Decl. ¶ 2, Pl. Ex. J, ECF No. 16-11; Mem. 11.) She currently leads the PJC's Workplace Justice Project. (Dworak-Fisher Decl. ¶ 2.) According to the Katz affidavit, she is the recipient of the Maryland Legal Services Corporation's 2017 Benjamin L. Cardin Distinguished Service Award. (Katz Decl. ¶ 6.) Additionally, attorney Mark Hanna states, "I have observed Ms. Dworak-Fisher closely in litigation and have found her to be a creative, thorough, efficient, smart, ethical, dedicated, and tenacious advocate on behalf of low-wage workers." (Hanna Decl. ¶ 7.) The guideline range for lawyers admitted to the bar for fifteen (15) to nineteen (19) years is $275 to $425.

This Court finds a rate of $395 for Ms. Dworak-Fisher to be reasonable given her experience and leadership, which has earned her the Maryland Legal Services Corporation's 2017 Benjamin L. Cardin Distinguished Service Award. Mr. Hanna's comments also exhibit a level of specificity not found in the descriptions of Mr. Rodwin or Mr. Ryon.

With the reductions for Mr. Rodwin and Mr. Ryon, the combined rates-based reduction comes to **$649.00**.[4]

  v. **Result Obtained**

Plaintiff settled her case for $4,000. (*See* ECF No. 14.) This amount "represents all unpaid wages Ms. Smith believed were due, plus an equal amount of damages—the full amount available to her under the FLSA." (Mem. 7.) Defendants

---

[4] Given the Plaintiff's waiver of Ms. Heilman's hours, this Court need not analyze the reasonableness of her requested rate.

do not dispute that Plaintiff's counsel achieved a high degree of success for their client, and this factor does not warrant a change to the requested award.

### vi. Expectations of Counsel

Plaintiff counsel states, "This case was brought with the expectation that fees would be paid pursuant to a fee petition. That counsel undertook to represent Ms. Smith at significant risk of financial loss militates in favor of the fees requested." (Mem. 10). This Court recognizes the need to compensate Plaintiff's counsel and seeks to set a reasonable award upon consideration of the various *Johnson* factors.

### vii. Undesirability of the Case

Plaintiff notes that "while this case did not subject any attorney to negative, cases such as Ms. Smith's are considered 'undesirable' because of the modest amount in controversy and the substantial time and labor needed to litigate." (Mem. 11 (internal citations omitted).) The FLSA itself helps to address this issue by requiring attorneys' fees awards to prevailing parties, but this Court must still determine a reasonable amount. *Burnley*, 730 F.2d at 141. This Court has done just that by considering the *Johnson* factors above.[5]

All told, the reductions for unnecessary conferences, unnecessary fee petition work, and adjusted rates amount to **$3,690.19**. When subtracted from the $16,373.73 request, these reductions bring the total attorneys' fee award to **$12,683.54**.

---

[5] The parties have not provided briefing on all twelve *Johnson* factors, and this Court's analysis would not be altered by addressing those additional factors.

### B. Costs and Expenses

"[D]istrict courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases." *Andrade, v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 644 (D. Md. 2012). "The costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Almendarez v. J.T.T. Enterprises Corp.*, No. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir.1988)).

Plaintiff seeks recovery of $612.64 in costs; the vast majority of this sum is for the filing fee and service of process. (*See* Pl. Ex. N.) Defendants do not challenge this request. This Court finds Plaintiff's cost request to be reasonable and hereby approves $612.64 in costs to be paid by the Defendants.

## II. Motion to Enforce Consent Decree and for Entry of Consent Judgment

Plaintiff's motion seeks $451.60 to remedy the alleged tax withholding discrepancy and $420.00 in attorneys' fees for two hours spent preparing the motion. In their Response on November 13, 2017, Defendants assert they "have determined that fully and finally resolving this matter would require more resources then are at dispute. Accordingly, Defendants have agreed to remit to Plaintiff, through her counsel the full amount demanded, $451.60. This amount will be sent to Plaintiff's counsel no later than November 14, 2017." (Resp. 2, ECF No. 21.) Defendants therefore ask this Court to deny the motion in its entirety.

The Plaintiff has not filed a Reply or otherwise notified this Court that the Defendants failed to make the $451.60 payment as promised. Plaintiff's motion (ECF No. 18) is therefore moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 15) is GRANTED IN PART. Specifically, the award for attorneys' fees is reduced to the amount of **$12,683.54**. In addition to that amount, this Court approves Plaintiffs' request for **$612.64** in costs. Finally, Plaintiff's Motion to Enforce Consent Decree and for Entry of Consent Judgment (ECF No. 18) is DENIED AS MOOT.

Dated: February 23, 2018

_____/s/_____
Richard D. Bennett
United States District Judge